Turley, J.
delivered the opinion of the court.
The questions arising in this case, on the plea of autrefoisf acquit, are of great importance to the criminal practice, and have deserved and received at the hands of the court, a careful, consideration and examination. It is a sacred principle of our law, that no man shall be placed in jeopardy twice fox' the same offence. Therefore, where a man has been proj nounced not guilty on a valid indictment, he cannot be dgairi indicted upon a charge of having committed the.same supposed crime. But while we guard with great care this rule of defence, so consonant with justice and reason, we-must at the same time, with equal, care see that it is not perverted from its intended purposes, and made to protect from punishment, those, whom the law never designed should fall with its operation.
To entitle a prisoner to the benefit of the plea of autrefois acquit, it is necessary that the crime charged in the last bill of indictment, be precisely the same with that charged in the first, and that the first bill of indictment is good in point of law. 1 Chitty’s Crim. Law 453: l East’s Pleas of the *376 Crown 522. The true test by which the question, whether a plea is a sufficient bar, may be tried, is whether the evi^ence necessary to support the second indictment, would have been sufficient to procure a legal conviction upon the first. Archbold’s Crim. Pl. 88: Rex vs. Emden, 9 East 437. If the crimes are so distinct that evidence of the one, will not support the other, it is as inconsistent with reason, as it is repugnant to the rules of law, to say that they are so far the same, that an acquittal of the one, shall be a bar to the prosecution of the other. Vandercomb’s case, 2 Leech Cr. Law 717. Now, to apply these principles to the present case. The first indictment charges the prisoner with having stolen, taken and carried away, one bank note of the Planters’ bank of the State of Tennessee, payable on demand at the Merchants' and Traders’ bank of New Orleans: — upon this he was acquitted. The second charges him with having stolen, taken and carried away, one bank note of the Planters’ bank of the State, payable on demand at the Mechanics’ and Traders’ bank of New Orleans.
The question then arises, is the crime charged in the two' bills of indictment the same, and would the evidence necessary to support the second have been sufficient to procure a 'legal conviction on the first? The affirmative of this proposition is contended for by the prisoner’s counsel, because they say,
Í. The place where the note was payable, formed no material part of the description of the note; need not have been stated, and therefore might have been rejected as surplusage,- and required no proof.
And second, that although the offence charged in the two indictments, is not precisely the same in words, yet it is in substance, differing only in an Immaterial circumstance, which is aided by the averment in the plea, that they are the same, and that for these reasons, the proof applicable to the second-bill of indictment would have been equally applicable to the first.
It is certainly true, that the place of payment formed no material part of the description of the note, and need not have been stated in the bills of indictment, as has béen decided in *377 tiie case of the King vs. Johnson, 2 Leach 1103: King vs. Simpkin, 2 Starkie 429: King vs. Milnes,2 East P, Cr. 602: but it is equally true, that having been stated, it became 7 ... , , , . necessary to prove it, otherwise it would not have' appeared that the note charged to have been stolen* was the same as that described in the bill of indictment. This position is supported by many authorities. In Roscoe’s Crim. Evi. page 77, it is said, that if a person or thing necessary to be mentioned in an indictment, is describecfwith circumstances of greater particularity than is requisite; yet, these circumstances must be proved, as if a man were charged with stealing a black horse, the allegation of color, though unnecessary, yet being descriptive of that which is material, could not be rejected.
In Dorsett’s case, 5 Roger’s Rep. 77, referred to in note 1 to Roscoe’s Crim. Evi. 77, it was held that where an indictment for coining, alleges possession of a die, made of iron and steel, proof of one made of zinc and antimony was a fatal variance; and in the case.of The United States vs. Porter, 3 Day’s Cases 283, that an allegation in an indictment, which is not impertinent or foreign to the cause, must be proved, though a prosecution for the same offence might be supported without such allegation, and that the court will be more strict in requiring proof of the matters alleged in criminal, than in civil cases. These authorities fully sustain the position, that the places of payment specified in the bills of indictment, are made material and must be proven; from which it follows, that the proof necessary to sustain the one bill of indictment, could not by any possibility support the other, as the places are not the same but different, and that the offence charged in the last bill of indictment is not the same with that charged in the first. Then, no averment that they are the same offence, can make them so. You cannot aver an impossibility, and it is an impossibility, that the stealing of anote payable at the Mechanics’ and Traders’ bank, should be the same offence with that of stealing one payable at the Merchants’ and Traders’ bank. If the charge be in truth the same, though the indictments differ in immaterial circumstances, the prisoner may plead his previous acquittal with proper averments; for it *378 WOuld be absurd to suppose, that by varying the day, or any allegation the precisé accuracy or which is not material,. the prosecutor could change the rights of the criminal, and sub" ject him to a second trial. Thus it has been held, that if a man be indicted for a murder as committed on a certain dáy, and is' acquitted, and is afterwards'indicted for Silling, the same person on a different day, he may plead the former acquittal in bar, notwithstanding this difference, for the day is immaterial. Áncf if be he indicted for the murder of a certain person unknown, and is afterwards charged off am indictment for the same offence-specifying the individual slain byname, he may rely upon the previous acquittal. 1 Chitty’s Cri. Law 453-4: 2 Hale 179, 244: Dyer 285: 2 Hawkins', c. 35, § 3. So that all variances not inconsistent with the validity of both proceed-mgs, may be shown lolie merely technical/ But if the variances are' in those things which are material, autre fois acquit eannót be pleaded- in bar; either the firs tindictment was ineffec* tual, and therefore the acquittal of no ávaíf, of the record will' prove not applicable to the evidence, „ and therefore the objection is needless, as in the case now under consideration, if the note stolen was payable at the Mechanics’ and Traders’ bank, as charged in the second bill of indictmant,- then the'' first was- ineffectual and the acquittal of rib avail, — if it were payable at the Merchants’ and Traders’ bank, as charged iff the first hill of indictment, then the second is not applicable to the'evidence, and- so- the ohjection-is needless-. For these' reasons; we are of opinion that this plea of autre fois acquit, contains'aó ground of defence to the hill of indictment,, and iff not well-pleaded.
But, it is said by defendant, that in point of fact the testimony is of doubtful character, and might, hut for extrinsic proof, be made to apply to either indictment; that the note charged to have been stolen, purports upon its face to have been payable ’at the uMech”s’ and Traders’ bank, which may mean either Merchants or Mechanics, and that, as the proof might have shown it to have been Merchants, a conviction on the first indictment was possible, arid that therefore, the prisoner ought to have been allowed upon his plea of aúlre fois' acquit, to show that it did- mean Merchants; and that he was *379 entitled to a jury to determine the question. It is unquestiofi-ablyjrue that “Mech’s” may mean “Merchants” or nics”, and is perhaps, properly-speaking, the abbreviation of .neither, and that what it does mean, is a question of fact for .the determination of -a jury, but as we think, upon the plea of not guilty, and not upon the plea of autre fois acquit, and for the reason, that it must mean one or the other and cannot mean both. If it mean Merchants, then the prisoner could no.t be convicted .on the second bill of indictment. If it mean Mechanicks, he could not have been convicted on the first. The question could not have been determined on the plea of autrefois acquit., for if the jury upon that plea had found that “Mech’s” meant Merchants-; -the court must have said, then, .the first bill of indictment does not charge the same offence, with which you are charged in the last, and you must go to trial, in order to see whether or no you are guilty of the offence therein alleged against you. If .they had found, that it meant Mechanics, then the court must have said, the testimony is not applicable to the first indictment; you could not legally have been convicted thereon, and therefore were in no jeopardy.
But it ⅛ further said, that inasmuch as this plea of autrefois acquit, contains an averment of identity of offence and person, the replication of nul tiel record ought to have tendered -an issue to the country, .and that the court could not legally dispose of it without the intervention of a jury. This is true without doubt, in all cases where an averment can 'be legally .made of identity of offence, which we have seen cannot be where there is a material variance between the two indictments, 'but only where the variance is immaterial. Indeed the old .authorities are, that the court may examine proof as to the identity, or may refer it to an inquest, to inquire -whether it be ¡the same fact. 2 Hale’s Pleas. Cr. 242, 243. But the rno-,dern practice, which we recognize as more consistent with the ■general nature of .our institutions, is to .submit the question of identity to a jury, immediately empannelled for that purpose. Chitty’s Crim. Law 461: Archbold’s Crim. Plead. 90. It would have certainly freed this case from some embarrassment, if instead of the replication of nul tiel record, a demurrer had been filed to the plea of autrefois acquit, — but *380 it is belieyed that no very serious difficulty is produced by this form of pleading. The plea of autrefois acquit, is of a mixed nature, and consists partly of matter of record and partly of matter of fact. The matter of record, is the former indictment and acquittal; the matter of fact is the averment of the identity of offence and person. Chitty’s Cr. Law 459. In all cases where the plea consists of matter of record and matter of fact, the issue made thereon, js to the country. But this does not take from the court the right it possesses of determining exclusively, what is of record and what is not. When the issue comes to be tried, the record must be produced, and if it be substantially variant from that set forth in the plea, the court will direct a verdict to be found against the plea, without submitting the matters of fact to the jury. We do not see why a court may not do that directly, which it may thus do indirectly,
In the case now under consideration, a record of a former acquittal is pleaded, which we have determined, charges an offence materially variant from the one upon which the prisoner stands convicted. If a jury had been sworn to try the issue upon nul tiel record, the court must have instructed them to find against the prisoner. Why then empannel a jury, when the fact of identity could not have been submitted to them? We are of opinion, there was no legal necessity for it.
But it is also contended, that the replication of nul tiel record, only puts in issue the record of former acquittal, as it is pleaded, that the record produced is verbatim et literatim the same with that pleaded, and that therefore, the court should have found the issue in favor of the prisoner. This reasoning seems to us to be too refined. The plea states in substance, that the prisoner ought not to be convicted of the present of-fence, because he had before been tried and acquitted upon a charge of the same offence, and exhibits a record, which upon its face shows that it is not the same. One of two things follows, either that the replication puts in issue the substantial merits of the plea, to wit: a former trial and acquittal of the charge, or the issue is immaterial. If it puts in issue the substance and not the form of the defence, then the court did *381 right in finding there was no such record of acquittal as pleaded. If the issue were immaterial it ought not to have been regarded by the court, and judgment should have been pronounced upon the verdict on the plea of not guilty. There is then, in our opinion, no error in the judgment of the court below upon the plea of autrefois acquit; Some objections are also taken to the proceedings on the trial of the plea of not guilty, which, we will now examine.
1. It is said, no venue is proven — it is true, that no witness proves that the offence was committed in Davidson county; but it is proven to have been committed at Haysborough, and the act of 1799, c. 45, recognizes Haysborough as a town of Davidson county, which we think is sufficient to authorise the court to take notice of it as a place within the county, and is as satisfactory as if a witness had deposed to the fact.
2. It is said, that proof that Mech’s, in the face of the note charged to have been stolen, meant Mechanics, ought not to have been heard, because the ambiguity is patent, and parol proof cannot legally explain it. We do not think that the principle, as to patent ambiguities, applies to this case. We ar.e not giving a construction to a contract, but proving the identity of a note described, being merely matter of description, proof may be heard to explain what is meant by the abbreviation.
3. It is said, that this testimony does not warrant the conviction. Upon this point our opinion was delivered at the last term of this court. We see no reason from the proof now adduced for changing that opinion. We think it fixes on the prisoner, the charge of larceny, and that the jury could not conscientiously have done otherwise than find him guilty. Let the judgment be affirmed.
Judgment affirmed.
SCiP After the judgment was affirmed in the foregoing case, the counsel for the prisoner, applied for a re-argument of the cause, and upon a re-argument, all the grounds previously assumed were again gone over in written arguments furnished to the court, which were replied to in writing by the A ttorney General. All the grounds of defence, were also very ably and *382 elaborately reviewed by W. A. Cook Esq. for the prisoner.
In the re-argument, the statute of 1803 altering the boundaries of Davidson county, was brought to the notice of the court, this statute was not before the court upon the first argument of the cause. The court, as wifi be seen from the subjoined opinion, confirmed the principles previously determined in the case, but was of opinion, as was also the Attorney General, that the act of 1803, having altered the boundaries of Davidson county, and neither the act 0/ 17.99, nor ■that of 1803, showing in what part of the county Haysborough ■was situated, the court could not judicially say, whether Hays-fcorough was now in Davidson county as altered, or in Riith-urford, that therefore the venue was not proved, and upon -.this ground alone the judgment was reversed.
The following is the opinion of the court delivered upon ¡the re-argument of the cause, by
■Tukley J.
'The court have on are-argument of this case, reversed the decision heretofore made, and find no cause for changing the .opinion delivered on any point arising out of the plea of autre fois acquit, but upon further examination, we are satisfied, that ■there is no proof which shews that the offence was commit* •ted within the body of Davidson county, as is charged in the hill ofindictment, and it is unquestionably true, that the state ¿must show that the offence was committed where the venue 'is -laid. 1 Chitty Cr. Law, 557. 2 East Pleas of the Cr. 992. The court was, and still is of the opinion, that proof showing that the offence was committed at a particular place, which is recognised by a public statute, as being within the county is sufficient. The act of 1799, c.j 6, shows that Haysborough, the place where the offence is proven to have been commit* ,ted, was at that time within the limits of Davidson county, and had it not been changed since, would be conclusive upon the subject. This was the only statute brought under the consideration of the court on the original argument, but it has since been discovered, that by .the act of 1803, c. 70, the bounda* ry lines of Davidson county have been changed, and a por- *383 lion of what was her territory in 1799, taken' to form a psH oí* fhe county of Rutherford. The court would, previous' to file act of 1803, have been warranted in saying that Haysbo-iough was in Davidson county, but not so since, for we cannot know judicially in what part of the county Haysborougli was' situated1, and it may well be, that it was in that which now forms a part of the county of Rutherford, and if so, the circuit court of Davidson has no jurisdiction of the offence. We therefore reverse the' judgment of the court below, a'ncf demand the prisoner for anew trial.
Judgment reversed.